UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER DRIVER,<br><br>        Plaintiff,<br><br>   v.<br><br>PAPÉ TRUCKS, INC. AN OREGON CORPORATION,<br><br>        Defendant.[1] | No. 2:17-cv-01968-KJN<br><br>PRETRIAL SCHEDULING ORDER |

READ THIS ORDER CAREFULLY. IT CONTAINS IMPORTANT DATES THAT THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY. FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER APPROPRIATE SANCTIONS, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

On March 8, 2018, the court conducted a status (pretrial scheduling) conference in this matter.[2] (ECF No. 18.) At the status conference, attorney Celine Cutter appeared on behalf of

---

[1] Pursuant to the the parties' request, the caption of this case has been changed to reflect the current parties to this matter. (See ECF No. 16 at 2.)

[2] After all parties consented to the jurisdiction of a United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c), the action was reassigned to the undersigned for all further proceedings and entry of final judgment. (ECF Nos. 4, 11, 12.) At the status (pretrial

plaintiff, and attorney Charles S. Painter appeared telephonically on behalf of defendant Papé Trucks, Inc. After considering the parties' joint status report (ECF No. 16) and the parties' representations at the status conference, the court issues the following pretrial scheduling order.[3]

NATURE OF THE CASE

Plaintiff commenced this personal injury action related to an incident that occurred on June 1, 2016. Plaintiff is a truck driver for Apache Logistics. He was delivering cargo to defendant's facility in French Camp, California. Plaintiff claims that he suffered fractures to his leg, ankle, and foot when a piece of cargo in his trailer fell on him. Plaintiff asserts that defendant's negligence, and the negligence of defendants who have not yet been joined, caused the accident.

Defendant contends that the incident occurred as a result of plaintiff's own negligence.

SERVICE OF PROCESS

Defendant, Papé Trucks, Inc. has been served and filed an answer to complaint. (ECF No. 9.) All other defendants, previously named, have been dismissed. (ECF No. 8.)

JOINDER OF PARTIES/AMENDMENT OF PLEADINGS

The workers compensation insurance carrier that has provided workers compensation benefits to plaintiff may intervene in this action. Plaintiff plans to join as defendant the company that loaded the truck, New Life Truck Parts.

The parties have stipulated to strike the second cause of action in the complaint as well as strike the prayer for punitive damages. (ECF No. 13.) Defendant anticipates filing an amended answer.

JURISDICTION/VENUE

Jurisdiction and venue are undisputed, and are hereby found to be proper.

/////

---

scheduling) conference, the court advised parties that if any new party is joined, that party must also consent to the jurisdiction of a United States Magistrate Judge, or this matter will be reassigned to a United States District Judge.

[3] The court has made minor modifications to the parties' proposed scheduling deadlines based on the court's own availability and case management needs.

2

INITIAL DISCLOSURES

Pursuant to parties' stipulation, the parties shall make initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) no later than **April 9, 2018**. (See ECF No. 16 at 3.)

LAW AND MOTION

All law and motion, except as to discovery-related matters, shall be completed by **November 7, 2019**. The word "completed" in this context means that all law and motion matters must be *heard* by the above date. Counsel and/or parties proceeding without counsel[4] are cautioned to refer to the Local Rules regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar, including, but not limited to, Local Rule 230. Judge Newman generally hears civil motions on Thursdays, at 10:00 a.m. This paragraph does not preclude motions for continuances, temporary restraining orders, or other emergency applications, for which the court may set a special briefing schedule, if necessary or appropriate.

The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case and to dispose of by pretrial motion those issues that are susceptible to resolution without trial. To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence obtained through discovery. If it appears to counsel after examining the legal issues and facts that an issue can be resolved by pretrial motion, counsel are to file the appropriate motion consistent with the law and motion cutoff set forth above.

ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION. Counsel are reminded that motions in limine are procedural devices designed to address the admissibility of evidence. COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED UNDER THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

/////

/////

---

[4] Any reference to "counsel" in this order includes parties appearing without counsel, otherwise referred to as appearing *in propria persona* or *pro se*.

DISCOVERY

All discovery shall be completed by **September 19, 2019**. The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes related to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with. Discovery motions must be noticed on the undersigned's law and motion calendar in accordance with the Local Rules and must be heard not later than **September 5, 2019**. Judge Newman generally hears civil motions on Thursdays, at 10:00 a.m.

The parties are reminded that discovery-related motions must conform to the requirements of the Federal Rules of Civil Procedure and this court's Local Rules, including Local Rule 251. Additionally, the parties are required to meet and confer in good faith in an attempt to resolve their discovery disputes informally and without court intervention prior to filing a discovery motion. Such meet and confer shall take place in person, or at a minimum, via a telephonic conference. The mere exchange of letters or e-mails alone is not sufficient. As part of their joint statement related to a discovery motion submitted pursuant to Local Rule 251, the parties shall also specifically outline: (a) what meet-and-confer efforts were undertaken; (b) when and where such discussions took place; (c) who was present; and (d) how the parties' disputes were narrowed as a result of such discussions. Failure to comply with these requirements may result in summary denial of a discovery motion.

Additionally, the court strongly encourages the use of informal telephonic discovery conferences with the court in lieu of formal discovery motion practice. The procedures and conditions for requesting and conducting such an informal telephonic discovery conference are outlined in Judge Newman's "Order re Informal Telephonic Conferences re Discovery Disputes," posted on the court's website at http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/5046/. Additionally, subject to the court's availability, the court will also rule on disputes encountered at oral depositions, so as to avoid such depositions from breaking down. In the course of the deposition, the parties may contact Judge Newman's courtroom deputy clerk at (916) 930-4187 to inquire regarding Judge Newman's availability. However, the parties are

cautioned that these informal procedures are not to be abused, and the court may impose appropriate sanctions on an offending party or parties, even in the course of informal discovery conferences.

EXPERT DISCLOSURES

The parties shall disclose any expert witnesses in accordance with the specifications of Federal Rule of Civil Procedure 26(a)(2) no later than **June 17, 2019**. Any rebuttal expert disclosures shall be made in accordance with the specifications of Federal Rule of Civil Procedure 26(a)(2) no later than **August 19, 2019**. Expert disclosures shall be filed with the court and served upon all other parties.

An expert witness not timely disclosed will not be permitted to testify unless the party offering the witness demonstrates that: (a) the necessity of the witness could not have been reasonably anticipated at the time that the expert disclosures were due; (b) the court and opposing counsel were promptly notified upon discovery of the witness; and (c) the witness was promptly proffered for deposition. Failure to provide the information required by Federal Rule of Civil Procedure 26(a)(2) along with the expert disclosures may lead to preclusion of the expert's testimony or other appropriate sanctions.

FINAL PRETRIAL CONFERENCE

The final pretrial conference is set before the undersigned on **December 19, 2019, at 10:00 a.m., in Courtroom No. 25**. Counsel are cautioned that counsel appearing at the pretrial conference will in fact try the matter. Counsel for all parties are to be fully prepared for trial at the time of the pretrial conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. Counsel are referred to Local Rules 281 and 282 relating to pretrial statements and conferences. A FAILURE TO COMPLY WITH LOCAL RULES 281 AND 282 WILL BE GROUNDS FOR SANCTIONS.

Notwithstanding Local Rule 281, the parties shall submit a **joint pretrial statement** no later than **December 5, 2019.** The joint pretrial statement shall conform with the requirements of Local Rule 281(b). The undisputed facts and disputed factual issues shall be set forth in two separate sections. The parties should identify those facts which are relevant to each separate

cause of action. In this regard, the parties are to number each individual fact or factual issue. Where the parties are unable to agree as to what factual issues are properly before the court for trial, they should nevertheless list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any of the parties and explain by parenthetical the controversy concerning each issue. The parties should keep in mind that, in general, each fact should relate or correspond to an element of the relevant cause of action. The parties should also keep in mind that the purpose of listing the disputed factual issues is to apprise the court and all parties about the precise issues that will be litigated at trial. The court is not interested in a listing of all evidentiary facts underlying the issues that are in dispute. However, with respect to the listing of undisputed facts, the court will accept agreements as to evidentiary facts. The joint statement of undisputed facts and disputed factual issues is to be filed with the court concurrently with the filing of the joint pretrial statement.

Pursuant to Local Rule 281(b), the parties are required to provide with their pretrial statement a list of witnesses and exhibits that they propose to proffer at trial, no matter for what purpose. These lists shall not be contained in the pretrial statement itself, but shall be attached as separate documents to be used as addenda to the final pretrial order. Plaintiff's exhibits shall be listed numerically; defendant's exhibits shall be listed alphabetically. The pretrial order will contain a stringent standard for the proffering of witnesses and exhibits at trial not listed in the pretrial order. Counsel are cautioned that the standard will be strictly applied. On the other hand, the listing of exhibits or witnesses which counsel do not intend to use will be viewed as an abuse of the court's processes.

Counsel are reminded that, pursuant to Federal Rule of Civil Procedure 16, it will be their duty at the pretrial conference to aid the court in: (a) formulation and simplification of issues and the elimination of meritless claims or defenses; (b) settling of facts that should be properly admitted; and (c) avoidance of unnecessary proof and cumulative evidence. The parties must prepare their joint pretrial statement and participate in good faith at the pretrial conference with these aims in mind. A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF SANCTIONS, which may include monetary sanctions, orders precluding proof, elimination of

claims or defenses, or such other sanctions as the court deems appropriate.

TRIAL SETTING

A jury trial shall commence before the undersigned on **Friday, January 17, 2020, at 9:00 a.m., in Courtroom No. 25.** The first day of trial will be limited to addressing motions in limine, jury instructions, and other preliminary trial matters. Jury selection will commence on Tuesday, January 21, 2020. The court presently anticipates that the trial will take approximately six (6) days, not including the first day of trial dedicated to preliminary matters.

SETTLEMENT CONFERENCE

A settlement conference may be scheduled by the court at the final pretrial conference. Nevertheless, if the parties at any point determine that an earlier settlement conference would be beneficial, they shall file a stipulation and proposed order for the court's consideration.

MISCELLANEOUS PROVISIONS

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b)(4), this order shall not be modified except by leave of court upon a showing of "good cause." See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992). Mere agreement by the parties pursuant to a stipulation does not constitute good cause. Nor does the unavailability of witnesses or counsel, except in extraordinary circumstances, constitute good cause.

OBJECTIONS

Any objections to this pretrial scheduling order shall be filed within seven (7) days.

IT IS SO ORDERED.

Dated: March 9, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE