UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER DRIVER;<br><br>          Plaintiff,<br><br>     v.<br><br>PAPE TRUCKS, INC. an Oregon Corporation;<br><br>          Defendant. | Case No. 2:17-cv-01968-KJN<br><br>**ORDER GRANTING PLAINTIFF-IN-INTERVENTION ACCIDENT FUND INSURANCE COMPANY OF AMERICA'S MOTION FOR LEAVE TO FILE COMPLAINT-IN-INTERVENTION**<br><br>**ECF No. 50** |
| PAPE TRUCKS, INC.<br><br>          Third-Party Plaintiff,<br><br>     v.<br><br>JOMAR INVESTMENTS, INC. dba NEW LIFE TRANSPORT PARTS CENTER, and ROES 1-10, Inclusive,<br><br>          Third-Party Defendants. | |
| ACCIDENT FUND INSURANCE COMPANY OF AMERICA,<br><br>          Plaintiff-in-Intervention,<br><br>     v.<br><br>PAPE TRUCKS, INC.,<br><br>          Defendant. | |

Presently before the court is plaintiff-in-intervention Accident Fund Insurance Company of America's ("Accident Fund") motion for leave to file its complaint-in-intervention against defendant Pape Trucks, Inc.[1]  (ECF No. 50.)  Pape Trucks has filed a statement of nonopposition. (ECF No. 53.)  Plaintiff Roger Driver and third-party defendant Jomar Investments, Inc. have not responded to Accident Fund's motion.  After considering the briefing submitted, the court concludes that oral argument is unnecessary, see Local Rule 230(g), VACATES the June 4, 2020 hearing, and GRANTS Accident Fund's unopposed motion to intervene.

BACKGROUND

Plaintiff's complaint alleges negligence against Pape Trucks for causing certain items to fall on and injure plaintiff while he was working.  According to Accident Fund, plaintiff filed for workers' compensation benefits, which Accident Fund honored.  Accident Fund now seeks to intervene against Pape Trucks in order to preserve its subrogation rights.

DISCUSSION

Federal Rule of Civil Procedure 24 allows for intervention as a matter of right and by permission.  A court *must* allow an applicant to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a).  A court *may* allow intervention when an individual "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b).

An applicant seeking to intervene in a pending lawsuit "as of right" must demonstrate that: "(1) it has a significant protectable interest relating to the property or transaction that is the subject matter of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest."  United States v. City of Los

---

[1] The parties consented to the jurisdiction of the undersigned United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c).

1 Angeles, 288 F.3d 391, 397 (9th Cir. 2002) (internal citation and quotation marks omitted). An applicant must satisfy all four of these requirements. Arakaki v. Cayetano, 324 F.3d 1078, 1083 (9th Cir. 2003). District courts construe Rule 24 liberally in favor of potential intervenors. Sw. Ctr. For Biological Diversity v. Berg., 268 F.3d 810, 818 (9th Cir. 2001).

Here, all four factors favor intervention. Applying Michigan or California law[2] the court finds that Accident Fund, the workers' compensation insurer of plaintiff's employer, has a protectable interest in the present litigation. See Mason v. Scarpuzza, 147 Mich. App. 180, 184 (1985) (permitting intervention "[b]ecause the statute grants a carrier who has paid compensation a substantive right to recover against a third-party tortfeasor, there is no question but that the insurance carrier is a real party in interest"); Lohnes v. Astron Computer Prod., 94 Cal. App. 4th 1150, 1153 (2001) (finding that a workers' compensation carrier has a right to intervene in an employee's action against a third party tortfeasor). Accident Fund thus has a significant interest in the outcome of this action in which plaintiff seeks damages for the same injuries that it paid for, and, as a practical matter, disposition of this action may impair Accident Fund's interest. The court also finds Accident Fund's intervention to be timely, prior to any substantive motion practice in this matter. See Idaho Farm Bureau Fed'n v. Babbitt, 58 F.3d 1392, 1397 (9th Cir. 1995). Finally, it is unlikely that the existing parties would adequately represent Accident Fund's interest, as Accident Fund's claim would likely decrease plaintiff's potential recovery.

Accordingly, Accident Fund is entitled to intervene as a matter of right under Federal Rule of Civil Procedure 24(a).

////

////

////

---

[2] While the accident occurred in California, plaintiff's employer and plaintiff are from Michigan. "In workers' compensation law, the United States Supreme Court has long recognized that the state where an injury occurs, the state where an employment relationship is created, and the state where an injured employee resides all have the significant contacts necessary to justify application of their own workers' compensation laws." Dailey v. Dallas Carriers Corp., 43 Cal. App. 4th 720, 726 (1996) (citing Carroll v. Lanza 349 U.S. 408, 412 (1955)).

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Accident Fund's unopposed motion to interevene (ECF No. 50) is GRANTED, and the hearing set for June 04, 2020, is VACATED.

2. Accident Fund shall file its complaint in intervention within 10 days of this order; answer shall be due within 10 days of service of the complaint.

3. Accident Fund shall complete a consent or decline of magistrate jurisdiction (ECF No. 3-1) within 10 days of this order.

IT IS SO ORDERED.

Dated:  May 27, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Jr/1968.intervene