1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ROGER DRIVER,                              2:17-cv-01968-KJN

12                    Plaintiff,                 ORDER

13            v.

14    PAPÉ TRUCKS, INC.,

15                    Defendant.

16

17

18          Plaintiff Roger Driver filed this diversity action against defendant Pape Trucks, Inc. on

19    September 21, 2017.  (ECF No. 1.)  Presently pending before the court are defendant's Motion to

20    Reopen Discovery, ECF No. 87, and plaintiff's Motion to Set for Trial, ECF No. 88.  As

21    discussed below, the court DENIES both motions without prejudice and orders the parties to

22    submit a status report within thirty days of this order.

23    I.      Background

24          Per the court's scheduling order, the parties' expert witness designations were due by

25    November 30, 2022, expert discovery was due by February 15, 2023, and dispositive motions

26    were to be filed by April 17, 2023.  (ECF No. 75 at 2.)  On May 17, 2023, having received no

27    dispositive motions, the court ordered the parties to file a motion to set for pretrial conference

28    and/or trial and certification of trial readiness.  (ECF No. 79.)

1    On June 15, 2023, defendant filed a motion to reopen discovery to reopen expert

2    disclosure or, in the alternative, allow defendant to supplement expert disclosures.[1]  (ECF No.

3    87.)  Per defendant's motion, defendant's previous attorney became overwhelmed around the

4    time that expert designations were due, as she was in trial in a different case on the date that

5    expert disclosures were due and her firm, Ericksen Arbuthnot (EA) was in the process of

6    dissolving.  (Id. at 4.)  Consequently, that attorney failed to designate Lewis Grill, who had

7    already been hired as a trucking industry liability expert.  (Id. at 4, "[t]he senior partner disclosed

8    the expert information in the file she could identify, and this consisted solely of a certified public

9    accountant and an orthopedic doctor.")  Plaintiff opposes reopening discovery.  (ECF No. 92.)

10   Third-party defendant Jomar Investments and plaintiff-in-intervention Accident Fund Insurance

11   do not oppose the motion.  (ECF Nos. 91 and 93.)

12   On June 16, 2023, plaintiff filed a motion to set for trial.  (ECF No. 88.)  In plaintiff's

13   motion, plaintiff certifies readiness for trial, but requests a pre-trial conference and trial date be

14   set far enough to accommodate prospective mediation.  (Id. at ¶ 4.)  According to the reply filed

15   by plaintiff-in-intervention Accident Fund Insurance, the mediation was set to occur on August

16   30, 2023.  (ECF No. 93 at 2.)  To date, the parties have not informed the court of the outcome of

17   the mediation, if any.  Defendant opposes the motion to set for trial due to the instant motion to

18   reopen discovery.  (ECF No. 89.)

19   II.    Legal Standard

20   A scheduling order "may be modified only for good cause and with the judge's consent."

21   Fed. R. Civ. P. 16(b)(4).  The "good cause" standard of Rule 16(b) focuses on whether the

22   movant was diligent or careless.  As stated by the Ninth Circuit:

23   Rule 16(b)'s "good cause" standard primarily considers the diligence of the party
     seeking the amendment. The district court may modify the pretrial schedule if it
24   cannot reasonably be met despite the diligence of the party seeking the extension.
     Moreover, carelessness is not compatible with a finding of diligence and offers no
25   reason for a grant of relief.  Although existence of a degree of prejudice to the party

26

27   [1] Defendant set a motion hearing for July 25, 2023.  (ECF No. 87.)  On July 18, 2023, the court
     vacated the hearing and directed the parties to submit further briefing.  (ECF No. 90.)

28

2

opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for modification.

Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir 1992) (citations omitted).

In addition to focusing on the good cause standard of Rule 16, the district court must also consider the following factors when ruling on a motion to amend the scheduling order:

1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017).

"While no one factor is necessarily dispositive, the Ninth Circuit has instructed that the primary focus should be on whether the party seeking to reopen discovery has acted diligently." De Paz v. Wells Fargo Bank, N.A., 2020 WL 2404897, at *2 (C.D. Cal. Feb. 18, 2020) (citing Johnson, 975 F.2d at 609).

Where no good cause for amendment to the schedule exists, there is no reason to consider whether defendant is entitled to relief from the Rule 37(c) exclusion sanction. See Zone Sports Ctr., LLC v. Rodriguez, No. 1:11-CV-00622-SKO, at *2–3 (E.D. Cal. Jan. 19, 2016) (Rule 16 analysis is dispositive).

III.    Analysis

A.  Motion to Reopen Discovery

The court finds that defendant has not shown good cause for the motion.  First, defendant has not shown diligence.  Defendant's prior counsel failed to designate Mr. Grill as a trucking liability expert because EA's senior partner had a trial on the same date as the deadline for expert designation and EA was in the process of dissolving. [2]  (ECF No. 87 at 5.)  What defendant frames as diligence is better described as a mistake that resulted from counsel being overwhelmed

---

[2] The fact that prior counsel, not current counsel, failed to designate Lewis Grill as an expert does not support a good cause finding, as "[m]ere substitution of counsel is insufficient cause to amend a scheduling order." Cardenas v. Whittemore, No. 13-CV-1720-LAB-KSC, at *2 (S.D. Cal. July 16, 2015).  See also Community Dental Servs. v. Tani, 282 F.3d 1164, 1168 (9th Cir. 2002) ("a client is ordinarily chargeable with his [prior] counsel's negligent acts.")

3

1  in prior counsel's law firm and does not support a good cause a finding.[3] Johnson, 975 F.2d at

2  609 ("carelessness of party seeking to amend scheduling order is not compatible with finding of

3  diligence and offers no reason for grant of relief").

4        In addition to diligence, the court has considered whether trial is imminent (it is not)

5  whether the request is opposed (it is), whether the non-moving party would be prejudiced, the

6  foreseeability of the need for additional discovery in light of the time allowed for discovery by

7  the district court, and the likelihood that the discovery will lead to relevant evidence.  Plaintiff

8  argues that granting the motion will cause prejudice, as this case has been pending for six years

9  and reopening discovery will cause delay and additional expense.  (ECF No. 92 at 4.)  The court

10  agrees.  The remaining factors do not move the needle.  Accordingly, defendant has not shown

11  good cause in support of its motion and defendant's motion to reopen discovery is DENIED.[4]

12        B.  Plaintiff's Motion to Set for Trial

13        Plaintiff moves to set this matter for a pre-trial conference.  (ECF No. 88.)  In the

14  certification of pre-trial readiness, plaintiff requests a pre-trial conference and trial date be set far

15  enough to accommodate prospective mediation.  (Id. at ¶ 4.)  Per the reply filed by plaintiff-in-

16  intervention Accident Fund Insurance, the mediation was set to occur on August 30, 2023.  (ECF

17  No. 93 at 2.)  In light of this representation, the court DENIES without prejudice plaintiff's

18  motion to set for trial and orders the parties to submit a report indicating the status of mediation

19  within thirty days of this order.

20  ////

21

---

22  [3] Parties may be able to satisfy the "good cause" requirement of Rule 16(b)(4) when they can
show that prior counsel's actions amounted to "gross negligence or abandonment," but that is not
23  the situation here.  E.g., Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha, 218 F.R.D.
667, 674 (C. D. Cal. 2003).  To the contrary: defendant's counsel asserts the "attorneys and staff
24  didn't fail to exercise diligence, they were simply overwhelmed with case files over a very short
period of time."  (ECF No. 87 at 5.)
25

26  [4] Because no good cause for amendment to the schedule exists, the court need not address
whether defendant's failure to designate was substantially justified, thereby entitling defendant to
27  relief from the Rule 37(c) exclusion sanction.  See, e.g., Zone Sports Ctr., LLC v. Rodriguez, No.
1:11-CV-00622-SKO, at *2–3 (E.D. Cal. Jan. 19, 2016) (Rule 16 analysis is dispositive pursuant
28  to Johnson.)

**CONCLUSION AND ORDER**

Accordingly, it is HEREBY ORDERED that:

1.  Defendant's Motion to Reopen Discovery, ECF No. 87, is DENIED without prejudice;

2.  Plaintiff's Motion to Set for Trial, ECF No. 88, is DENIED without prejudice; and

3.  Within 30 days of this order, the parties shall submit a report indicating the status of the mediation.

Dated:  October 6, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

driv.1968