UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER DRIVER, | Case No. 2:17-cv-01968 CSK |
| Plaintiff, | |
| v. | PRETRIAL SCHEDULING ORDER |
| PAPÉ KENWORTH, et al., | |
| Defendants. | |

The parties have filed their joint trial readiness statement (ECF No. 99) and have confirmed via email correspondence parties' availability for trial. The Court issues the following pretrial scheduling order.[1]

**I. FINAL PRETRIAL CONFERENCE AND TRIAL**

The final pretrial conference is set for **February 10, 2025** at 10:00 a.m. in Courtroom No. 25 before Magistrate Judge Chi Soo Kim. Trial counsel must appear at the final pretrial conference. At the final pretrial conference, the Court will set the deadlines for other trial-related deadlines, including the submission of exhibits, trial briefs, proposed voir dire, jury instructions, and verdict forms.

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636(c) on the consent of all parties. (ECF No. 101.)

**A. Joint Pretrial Statement**

The parties shall file a joint pretrial statement pursuant to Local Rule 281(a)(2). The joint pretrial statement must be filed no later than twenty-one (21) days before the date set for the final pretrial conference and must also be emailed as a Word document to CSKorders@caed.uscourts.gov. **Separate pretrial statements are not permitted unless a party is not represented by counsel**.

The pretrial statement must cover all topics identified in Local Rule 281 with the following additions and clarifications:

1. Statement of the Case:  A concise statement of the case must be included.
2. Trial Length Estimate:  An estimate of the length of trial must also be included. Unless otherwise ordered, trial hours will be from 9:30 a.m. to 4:30 p.m., Monday through Friday.
3. Procedural Status:  A concise summary of the procedural status of the case must be included, including the disposition of any motions and whether any motions are still pending.
4. Factual Issues:  The undisputed facts and disputed factual issues shall be set forth in separate sections of the pretrial statement. Each fact or factual issue should be numbered. For disputed factual issues, identify the cause of action or defense to which the factual issue is related.
5. Points of Law:  In the points of law section of the pretrial statement, include the elements for each cause of action and each defense, with citation to the relevant legal authority.
6. Motions In Limine:  The parties shall also identify the motions in limine each party reasonably anticipates filing.
7. Witnesses:  Each party's witness list must be submitted as a separate attachment to the pretrial statement, and labeled as such. The witness list must include the witness's name; the witness's title or position; whether the testimony is offered in-person or by deposition; whether the witness is designated as an expert; and a

concise statement of the anticipated subjects of testimony. Pursuant to Local Rule 281, only individuals on the witness list submitted with the pretrial statement will be permitted to testify at trial, except as may be otherwise provided in the pretrial order. The witness's address does not need to be included.

8. <u>Exhibits</u>:  Each party's exhibit list must be submitted as a separate attachment to the pretrial statement, and labeled as such. Plaintiff's exhibits shall be listed numerically; Defendant's exhibits shall be listed alphabetically. All exhibits must be identified with a reasonable amount of detail, including: bates numbers; document/file date; and a concise description. Pursuant to Local Rule 281, only exhibits on the exhibit list submitted with the pretrial statement will be permitted to be offered at trial, except as may be otherwise provided in the pretrial order.

**B. Motions In Limine**

Motions in limine shall be filed fourteen (14) days before the date set for the final pretrial conference. Any opposition shall be filed seven (7) days before the date set for the final pretrial conference. No replies shall be filed. The parties should be prepared to argue their motions in limine at the final pretrial conference. The Court will endeavor to rule on motions in limine before trial begins to assist the parties in their trial preparations.

**C. Trial**

A jury trial is set for **March 3, 2025** at 9:30 a.m., in Courtroom No. 25. The parties recently confirmed their trial length estimate to two weeks via email correspondence between the parties and the courtroom deputy. The parties previously estimated two to three weeks for trial (ECF No. 99 at 2).

**II. MODIFICATIONS OF THIS SCHEDULING ORDER**

This case schedule will become final without further order of the Court unless written objections are filed within fourteen (14) days of the entry of this order. The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b)(4), this order shall not be modified except by leave of Court upon a showing of "good cause." *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992). Agreement by the parties

pursuant to a stipulation does not constitute good cause. Nor does the unavailability of witnesses or counsel, except in extraordinary circumstances, constitute good cause.

Any request or stipulation to modify this scheduling order must set forth the following:

(1) the existing date;

(2) whether there have been prior requests for extensions, and whether these were granted or denied by the Court; and

(3) specific, concrete reasons supporting good cause for granting the extension. For example, if the reason for the requested extension is that it "will promote settlement," the requesting party or parties must indicate the status of negotiation efforts (e.g., whether a mediator has been selected, a mediation has been scheduled, etc.).

IT IS SO ORDERED.

Dated:  May 24, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, driv.1968.17