1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ROGER DRIVER,                          Case No. 2:17-cv-01968 CSK

12              Plaintiff,
                                            **AMENDED PRETRIAL SCHEDULING**
13        v.                                **ORDER**

14   PAPÉ KENWORTH, et al.,
                                            FPTC:   Feb. 10, 2025 at 10:00 a.m.
15              Defendants.                 TRIAL:  Mar. 3, 2025 at 9:30 a.m.

16

17        The Court issues the following Amended Pretrial Scheduling Order, which

18   supersedes and replaces the May 24, 2024 Pretrial Scheduling Order (ECF No. 102).[1]

19   This order sets deadlines and other requirements for trial-related deadlines, including

20   trial briefs, and proposed voir dire, jury instructions, and verdict forms.

21   **I.   FINAL PRETRIAL CONFERENCE AND TRIAL**

22        The final pretrial conference remains set for **February 10, 2025** at 10:00 a.m. and

23   jury trial remains set for **March 3, 2025** at 9:30 a.m. in Courtroom No. 25 before United

24   States Magistrate Judge Chi Soo Kim. Trial counsel must appear at the final pretrial

25   conference. At the final pretrial conference, the Court will set other trial-related

26   deadlines, including the submission of exhibits.

27   _____

28   [1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636(c) on the
     consent of all parties. (ECF No. 101.)

**A.  Joint Pretrial Statement**

The parties shall file a joint pretrial statement pursuant to Local Rule 281(a)(2). The joint pretrial statement must be filed no later than twenty-one (21) days before the date set for the final pretrial conference and must also be emailed as a Word document to CSKorders@caed.uscourts.gov. **Separate pretrial statements are not permitted unless a party is not represented by counsel**.

The pretrial statement must cover all topics identified in Local Rule 281 with the following additions and clarifications:

1. Statement of the Case:  A concise statement of the case must be included.

2. Trial Length Estimate:  An estimate of the length of trial must also be included. Unless otherwise ordered, trial hours will be from 9:30 a.m. to 4:30 p.m., Monday through Friday.

3. Procedural Status:  A concise summary of the procedural status of the case must be included, including the disposition of any motions and whether any motions are still pending.

4. Factual Issues:  The undisputed facts and disputed factual issues shall be set forth in separate sections of the pretrial statement. Each fact or factual issue should be numbered. For disputed factual issues, identify the cause of action or defense to which the factual issue is related.

5. Points of Law:  In the points of law section of the pretrial statement, include the elements for each cause of action and each defense, with citation to the relevant legal authority.

6. Motions In Limine:  The parties shall also identify the motions in limine each party reasonably anticipates filing.

7. Witnesses:  Each party's witness list must be submitted as a separate attachment to the pretrial statement, and labeled as such. The witness list must include the witness's name; the witness's title or position; whether the testimony is offered in-person or by deposition; whether the witness is designated as an expert; and a

concise statement of the anticipated subjects of testimony. Pursuant to Local Rule 281, only individuals on the witness list submitted with the pretrial statement will be permitted to testify at trial, except as may be otherwise provided in the pretrial order. The witness's address does not need to be included.

8. <u>Exhibits</u>:  Each party's exhibit list must be submitted as a separate attachment to the pretrial statement, and labeled as such. Plaintiff's exhibits shall be listed numerically; Defendant's exhibits shall be listed alphabetically. All exhibits must be individually identified with specificity, including a reasonable amount of detail such that other parties can identify each exhibit, including exhibit name/title, document/file date, bates numbers, and a concise description of the exhibit. Groups or categories of documents/records may not be listed as a single exhibit (e.g., it is improper to list "Initial Disclosure Documents," "Cell phone records," etc. as a single exhibit). Pursuant to Local Rule 281, only exhibits on the exhibit list submitted with the pretrial statement will be permitted to be offered at trial, except as may be otherwise provided in the pretrial order. The parties are instructed to refer to and follow the Court's Jury Trial Procedures available on Judge Kim's webpage on the district court's website: https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-chi-soo-kim-csk/. This document includes important instructions and requirements for exhibit lists.

**B. Motions In Limine**

Motions in limine shall be filed by the close of business fourteen (14) days before the date set for the final pretrial conference. Any opposition shall be filed by the close of business seven (7) days before the date set for the final pretrial conference. No replies shall be filed.

Briefing for motions in limine shall be limited to 25 pages total for each side. Each motion in limine should be numbered and clearly identified. For example, "Plaintiffs' Motion in Limine No. 1 Re: [subject]." The brief shall include a table of contents at the

3

1  beginning that lists each motion in limine and the page number on which the motion

2  begins.

3      Briefing for oppositions/ responses to motions in limine shall also be limited to 25

4  pages total for each side. Each opposition/ response should be numbered and clearly

5  identified. For example, "Defendants' Opposition to Plaintiffs' Motion in Limine No. 1 Re:

6  [subject]." The brief shall also include a table of contents at the beginning that lists each

7  motion in limine opposition/ response and the page number on which the opposition/

8  response begins.

9      The parties should be prepared to argue their motions in limine at the final pretrial

10  conference. The Court will endeavor to rule on motions in limine before trial begins to

11  assist the parties in their trial preparations.

12      **C.  Proposed Voir Dire, Jury Instructions, and Verdict Forms**

13      The parties must file proposed voir dire questions, proposed <u>joint</u> jury instructions,

14  and proposed <u>joint</u> verdict forms by the close of business fourteen (14) days before the

15  date set for the final pretrial conference. The parties must also email these filings as

16  Word documents to CSKorders@caed.uscourts.gov. The parties should be prepared to

17  address the proposed voir dire questions, jury instructions, and verdict forms at the final

18  pretrial conference. **The parties are instructed to refer to and follow the Court's Jury**

19  **Trial Procedures** available on Judge Kim's webpage on the district court's website:

20  https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-

21  magistrate-judge-chi-soo-kim-csk/. This document includes important instructions and

22  requirements for the submission of joint proposed jury instructions.

23      **D.  Trial Briefs**

24      Parties are not required to file trial briefs. If a party chooses to file a trial brief, it

25  shall not be longer than five pages and shall be filed no later than the close of business

26  fourteen (14) days before the date set for the final pretrial conference. Trial briefs shall

27  not duplicate the contents of the joint pretrial statement and proposed order.

28  / / /

**E.  Courtesy Copies**

Two binders containing courtesy copies of the Joint Pretrial Statement, witness lists, exhibit lists, proposed voir dire questions, proposed joint jury instructions, proposed joint verdict forms, motions in limine, and optional trial briefs must be delivered to the Clerk's office by noon thirteen (13) days before the date set for the final pretrial conference. This is the day <u>after</u> the filing deadline for the proposed voir dire questions, proposed jury instructions, proposed verdict forms, motions in limine, and optional trial briefs. Parties do not need to provide courtesy copies of the motion in limine oppositions.

All courtesy copies must be double-sided, three-hole punched at the left margin, and marked with the ECF stamp (case number, document number, date, and page number) on the top of each page. These binders shall include labeled side tabs, and be clearly marked "Chambers Copy – Do Not File" with Judge Kim's name, the case number, and the case name.

**F.  Trial**

A jury trial is set for **March 3, 2025** at 9:30 a.m., in Courtroom No. 25. Before the entry of the May 24, 2024 Pretrial Scheduling Order, the parties' trial length estimate was two weeks. *See* ECF No. 102 at 3. The parties should be prepared to address trial length at the final pretrial conference.

## II.  MODIFICATIONS OF THIS SCHEDULING ORDER

This case schedule will become final without further order of the Court unless written objections are filed within fourteen (14) days of the entry of this order. The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b)(4), this order shall not be modified except by leave of Court upon a showing of "good cause." *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992). Agreement by the parties pursuant to a stipulation does not constitute good cause. Nor does the unavailability of witnesses or counsel, except in extraordinary circumstances, constitute good cause.

Any request or stipulation to modify this scheduling order must set forth the following:

(1) the existing date;

(2) whether there have been prior requests for extensions, and whether these were granted or denied by the Court; and

(3) specific, concrete reasons supporting good cause for granting the extension. For example, if the reason for the requested extension is that it "will promote settlement," the requesting party or parties must indicate the status of negotiation efforts (e.g., whether a mediator has been selected, a mediation has been scheduled, etc.).

IT IS SO ORDERED.


Dated: December 5, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE