1

2

3

4

5

6              UNITED STATES DISTRICT COURT

7          FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9    ROGER DRIVER,                    No.  2:17-cv-01968 CSK

10              Plaintiff,             FPTC:   Feb. 10, 2025 at 10:00 a.m.
                                        TRIAL:  Mar. 3, 2025 at 9:30 a.m.
11        v.

12   PAPE TRUCKS, INC.,               **ORDER re: GOOD FAITH SETTLEMENT**
                                       (ECF No. 104)
13              Defendant.

14   PAPE TRUCKS, INC.,

15              Third-Party Plaintiff,

16        v.

17   JOMAR INVESTMENTS, INC.,

18              Third-Party
                Defendant.
19

20   ACCIDENT FUND INSURANCE
     COMPANY OF AMERICA,
21
                Intervenor Plaintiff,
22
          v.
23
     PAPE TRUCKS, INC.,
24
                Defendant.
25

26        Pending before the Court is Third Party Defendant Jomar Investments, Inc.'s

27   motion for determination of a good faith settlement pursuant to California Code of Civil

28   Procedure Sections 877 and 877.6. Jomar Mot. (ECF No.104). Given the March 3, 2025

1    trial date, the Court approved the unopposed request to shorten time and set a briefing

2    schedule. 1/21/2025 Minute Order (ECF No. 105). This motion is based on a settlement

3    reached on January 8, 2025 between Plaintiff Roger Driver, Third Party Defendant

4    Jomar Investments, Inc. d/b/a New Life Transport Parts Center, and Plaintiff-in-

5    Intervention Accident Fund Insurance Company of America, the worker's compensation

6    carrier. The time period for briefing has closed, with no party opposing this motion and

7    Plaintiff-In-Intervention submitting a response in support of finding a good faith

8    settlement. *See* Docket; Accident Fund Insur. Resp. (ECF No. 120). The Court takes this

9    matter under submission without oral argument. *See* Local Rule 230(g); *see also* Cal.

10   Civ. Pro. Code § 877.6(b).

11   The Court is obligated to apply state substantive law to state law claims for which

12   it has diversity or supplemental jurisdiction. *Mason & Dixon Intermodal, Inc. v. Lapmaster*

13   *Int'l LLC*, 632 F.3d 1056, 1060 (9th Cir. 2011). This includes application of California

14   Code of Civil Procedure § 877.6. *Id.* Section 877.6 provides that where an action

15   involves two or more joint tortfeasors, a party may move for the court to determine that a

16   settlement was made in good faith. *See* Cal. Civ. Proc. Code § 877.6. Should the court

17   find that the settlement was made in good faith, a joint tortfeasor is barred "from any

18   further claims against the settling tortfeasor or co-obligor for equitable comparative

19   contribution, or partial or comparative indemnity, based on comparative negligence or

20   comparative fault." *Id.* § 877.6(c); *see In re Heritage Bond Litig.*, 546 F.3d 667, 680-81

21   (9th Cir. 2008).

22   To determine if a settlement is made in good faith, courts utilize the *Tech-Bilt*

23   factors, which require the court to consider: (1) a rough approximation of the plaintiff's

24   total recovery and the settlors' proportional liability; (2) the amount paid in settlement;

25   (3) the allocation of settlement proceeds among plaintiffs; (4) the recognition that a

26   settlor should pay less in settlement than he would if he were found liable after trial;

27   (5) the financial conditions and insurance policy limits of the settling tortfeasor; and

28   (6) the existence of collusion, fraud, or tortious conduct intended to injure the interests of

2

the non-settling parties. *See Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal. 3d 488, 499 (1985). Where the good faith nature of a settlement is not in dispute, the court need not consider the *Tech-Bilt* factors. *See City of Grand Terrace v. Super. Ct. of San Bernardino Cnty.*, 192 Cal. App. 3d 1251, 1261 (1987); *Geo Guidance Drilling Services, Inc. v. Renaissance Res., LLC*, 2023 WL 5020479, at *2 (E.D. Cal. July 7, 2023). No party has opposed or disputed the good faith nature of this settlement. Thus, the Court need not apply the *Tech-Bilt* factors in approving this motion. However, out of an abundance of caution, the Court has considered the *Tech-Bilt* factors.

Having done so, the Court finds that the uncontested settlement to be made in good faith. The settlement is comprised of the following terms: (1) Third Party Defendant will pay a total of $250,000, comprised of a payment of $166,666.67 to Plaintiff and a payment of $83,333.33 to Plaintiff's worker's compensation carrier (Plaintiff-In-Intervention); (2) a request for dismissal with prejudice by Plaintiff in favor of Third Party Defendant; (3) a general release by Plaintiff in favor of Third Party Defendant; (4) each party is to bear their own attorney's fees and costs; and (5) a bar against existing and further claims by any party to this action and the related cross-actions for implied indemnity, equitable indemnity, or comparative contribution or fault arising out of the circumstances underlying this action. Jomar Mot. at 2. These amounts appear reasonably proportional to the potential liability associated with Third Party Defendant where Plaintiff did not bring a direct claim against Third Party Defendant; Third Party Defendant was brought in based on an indemnification and contribution claim by Defendant Pape Trucks; and even Plaintiff's safety expert did not testify that Third Party Defendant breached its duty. *See* Jomar Mot. at 9-10; *see also City of Grand Terrace v. Superior Ct. of San Bernardino Cnty.*, 192 Cal. App. 3d 1251, 1260 (1987) (a settlement to be made in good faith must only be within a reasonable range of relative liabilities); *Tech-Bilt*, 38 Cal. 3d at 501 n.9. The allocation of settlement proceeds, with two-thirds of the proceeds going to Plaintiff and one-third going to Plaintiff's worker's compensation carrier, also appears reasonable. The Court acknowledges the settling party (Third Party

1    Defendant) should pay less in settlement than they would if they were found liable at

2    trial. The fifth *Tech-Bilt* factor also favors finding good faith settlement where Third Party

3    Defendant's primary insurance limit of $1 million demonstrates that the settlement

4    decision was not based on the settling party's lack of funds. Finally, there is no indication

5    that the settlement was the product of collusion, fraud, or tortious conduct. The

6    settlement was reached with the assistance of a neutral mediator after Third Party

7    Defendant participated in two separate mediations. Jomar Mot. at 12.

8         Therefore, the settlement satisfies the *Tech-Bilt* factors and the Court determines

9    that it is made in good faith within the meaning of Section 877.6.

10        Accordingly, IT IS HEREBY ORDERED that:

11   1.   Third Party Defendant Jomar Investments, Inc.'s unopposed motion for

12        determination of a good faith settlement (ECF No. 104) is GRANTED;

13   2.   Under California Code of Civil Procedure § 877.6, the settlement

14        agreement of the parties (Third Party Defendant Jomar Investments, Inc.,

15        Plaintiff Roger Driver, and Plaintiff-in-Intervention Accident Fund Insurance

16        Company of America) constitutes a good faith settlement; and

17   3.   The hearing currently scheduled for February 10, 2025, at 10:00 a.m. is

18        VACATED.

19   IT IS SO ORDERED.

20

21   Dated: February 4, 2025

22   _____
     CHI SOO KIM
23   UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

4