UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER DRIVER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PAPE TRUCKS, INC.,<br><br>　　　　Defendant. | No.  2:17-cv-01968 CSK<br><br>**ORDER RE:  TRIAL EXHIBITS**<br>(ECF Nos. 106-1, 106-3, 106-5)<br><br>FPTC:  Feb. 10, 2025 at 10:00 a.m.<br>TRIAL:  Mar. 3, 2025 at 9:30 a.m. |
| PAPE TRUCKS, INC.,<br><br>　　　　Third-Party Plaintiff,<br><br>　　v.<br><br>JOMAR INVESTMENTS, INC.,<br><br>　　　　Third-Party Defendant. | |
| ACCIDENT FUND INSURANCE COMPANY OF AMERICA,<br><br>　　　　Intervenor Plaintiff,<br><br>　　v.<br><br>PAPE TRUCKS, INC.,<br><br>　　　　Defendant. | |

　　The Court has received and reviewed the parties' exhibit lists submitted with the Joint Pretrial Statement. (ECF No. 106.) The exhibit lists from Plaintiff Roger Driver, Plaintiff-in-Intervention Accident Fund Insurance Co. of America, and Defendant Pape

1

Trucks do not comply with the Court's Amended Pretrial Scheduling Order, which requires that each exhibit is "individually identified with specificity" and prohibited listing groups or categories of documents/records as a single exhibit. 12/5/2024 Order at 3 (ECF No. 103).

**By 8:00 a.m. on Monday, February 10, 2025, Plaintiff, Plaintiff-in-Intervention, and Defendant must file complete Amended Exhibit Lists that follow the Court's orders.** Documents must be listed as individual, separate exhibits and identified with enough specificity such that all parties know which document is being referenced by which exhibit (e.g., include treatment date, treatment provider, and bates range of medical record). In particular:

- Plaintiff:  Exhibits 1-5, 7-12, 37-40, 62-64, 66-73, and 76-79 improperly list categories of records. Exhibits 57 and 61 list disclosures; if these include any documents produced with the disclosures, each document must be listed as a separate exhibit. Plaintiff will likely need to re-number their exhibits to comply with the Court's order.
- Plaintiff-in-Intervention:  Exhibit 1 improperly lists a category of records. To avoid duplicating exhibit numbers with Plaintiff, please re-number your exhibits beginning with Exhibit 300.
- Defendant:  Defendant's exhibits are not numbered and must be numbered alphabetically (i.e., A, B, C, …AA, BB, etc.). Defendant improperly lists the following categories of records: Accident Fund Insurance Co. of America records; Apache Logistics records; Bronson Methodist Hospital records; Medsource Services bills; San Joaquin General Hospital records; Scott Free, M.D. records; Sturgis Hospital records; Sturgis Pain Management records; Three Rivers Health Center records; and West Main Physical Therapy records. Defendant also lists Plaintiff's Initial disclosures; if these include any documents produced with the disclosures, each document must be listed as a separate exhibit.

The parties are again warned that pursuant to Local Rule 281, only exhibits on the

exhibit list submitted with the pretrial statement will be permitted to be offered at trial, except as may be otherwise provided in the pretrial order.

In addition, as the parties agreed in the Joint Pretrial Statement, because the Court has approved the good faith settlement between Third Party Defendant Jomar Investments, Inc., Plaintiff, and Plaintiff-in-Intervention, Third Party Defendant will not be present at trial and will be dismissed. Joint Pretrial Statement at 2, 16 (ECF No. 106); *see* 2/4/2025 Order (ECF No. 128). The remaining parties may not refer to or rely on Third Party Defendant's exhibit list or witness list.

Conclusion

IT IS HEREBY ORDERED, for the above reasons, **by 8:00 a.m. on Monday, February 10, 2025**, Plaintiff, Plaintiff-in-Intervention and Defendant must file completed Amended Exhibit Lists that follow the Court's order.

Dated:  February 5, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE