UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER DRIVER,<br><br>        Plaintiff,<br><br>   v.<br><br>PAPE TRUCKS, INC.,<br><br>        Defendant.<br><br>ACCIDENT FUND INSURANCE COMPANY OF AMERICA,<br><br>        Intervenor Plaintiff,<br><br>   v.<br><br>PAPE TRUCKS, INC.,<br><br>        Defendant. | No. 2:17-cv-01968 CSK<br><br>FPTC:  Feb. 10, 2025 at 10:00 a.m.<br>TRIAL: Mar. 3, 2025 at 9:30 a.m.<br><br>**ORDER ON MOTIONS IN LIMINE**<br>(ECF Nos. 107-111, 121-127) |

The parties have filed motions in limine (MIL) pursuant to the Court's pretrial scheduling order, and they were argued at the final pretrial conference. (ECF Nos. 107-111, 121-127, 136.) The Court ruled as follows as stated on the record: (1) GRANT IN PART and DENY IN PART MIL No. 1 re: evidence of other trailers loaded by Jomar Investments (ECF No. 107); (2) DENY MIL No. 2 as moot (ECF No. 108); (3) GRANT

MIL No. 4 to preclude Plaintiff's undisclosed diabetes claim (ECF No. 110); and (4) DENY MIL No. 5 to exclude Plaintiff's Life Care Planner Holly Allman (ECF No. 111).

As for MIL No. 3 to preclude Defendant's lay witness testimony (ECF No. 109), the Court GRANTS IN PART and DENIES IN PART the motion. This motion is directed to three Defendant witnesses: Mark Kasel (Defendant's Southwest Region Safety Manager), John Hansen (Defendant's Shipping and Receiving Clerk), and Daniel Alvarez (Defendant's Warehouse employee). As to Mr. Kasel, the motion is GRANTED. Mr. Kasel is not on Defendant's witness list (ECF No. 106-6), so he will not be testifying. In addition, Defendant did not disclose Mr. Kasel as a witness in its initial disclosures (ECF No. 132), so would not be permitted to testify even if he had been included on Defendant's witness list based on Defendant's failure to timely disclose Mr. Kasel and failure to establish that doing so was substantially justified or harmless. *See* Fed. R. Civ. P. 26(a)(1)(A), 37(c)(1); Def. Opp'n (ECF No. 121).

Mr. Hansen and Mr. Alvarez can testify as to their state of mind and their percipient knowledge, including but not limited to how the doors at issue were loaded, how similar doors had previously been loaded, and whether the doors would have fallen if they had been loaded differently. *See* Fed. R. Evid. 602. None of these topics require specialized knowledge and are based on their percipient knowledge. To the extent Defendant intends to offer opinions regarding a standard of care or whether loading doors in a certain manner is safe or unsafe, this is opinion testimony based on specialized knowledge and experience that an ordinary lay individual would not know. While these witnesses may be qualified to offer such opinions based on their training and experience, the problem is that Defendant did not disclose either as a non-retained expert. *See* Fed. R. Civ. P. 26(a)(2), 37(c)(1). At the final pretrial conference, Defendant confirmed that neither witness was disclosed as a non-retained expert either in their expert disclosures or in their Initial Disclosures. *See also* Def. Init. Discl. (ECF No. 132). In addition, Defendant failed to disclose a liability expert, an issue that was separately

raised and decided in the Court's October 6, 2023 Order denying Defendant's motion to reopen expert discovery. (ECF No. 95.)

To the extent Defendant attempts to offer opinion testimony based on scientific, technical, or specialized knowledge or training, such testimony may only be presented through expert witnesses who have been timely disclosed or for whom the failure to timely disclose was substantially justified or is harmless; not through lay witnesses who have not been disclosed as experts. *See* Fed. R. Evid. 701, 702, 703; Fed. R. Civ. P. 26(a)(2), 37(c)(1). This would be an improper end-run around the Rule 26 requirement for disclosing expert opinions, the Court's scheduling orders, and the Court's October 6, 2023 Order denying Defendant's motion to reopen expert discovery. Defendant also makes no showing that failing to disclose non-retained experts was substantially justified or harmless. *See* Fed. R. Civ. P. 26(a)(1)(A), 37(c)(1); Def. Opp'n. The Court recognizes that there may be some opinion testimony proffered by Mr. Hansen and/or Mr. Alvarez that could reasonably be interpreted as proper lay opinion testimony, and other opinions that are improper expert opinion testimony. To the extent these issues arise at trial, the parties will be responsible for raising the issue with the Court.

Dated: February 12, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE